UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LYDIA SHEA HULLENDER, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File |
| | ) | No. _____ |
| v. | ) | |
| | ) | |
| TONY CHACHERE'S CREOLE FOODS OF OPELOUSAS, INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Lydia Shea Hullender ("Plaintiff"), by and through counsel, files this Complaint against Defendant Tony Chachere's Creole Foods of Opelousas, Inc. ("Tony Chachere's" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.  Plaintiff alleges as follows:

### PARTIES

1. Plaintiff is an adult resident of Toombs County, Georgia.

2. Tony Chachere's is a Louisiana corporation with its principal place of business at 5604 I-49 N. Service Road, Opelousas, LA 70570.

3. Tony Chachere's registered agent is Donald A. Chachere, Jr., 5604 I-

1

49 N. Service Road, Opelousas, LA 70570.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Plaintiff was, at all relevant times, an adult individual residing in Toombs County, Georgia.

6. Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391. Defendant transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

7. Defendant violated the FLSA by failing to pay Plaintiff overtime for work throughout her territory, including work when servicing over twenty Walmarts and grocery stores within this district and division.

## COVERAGE UNDER THE FLSA

8. The relevant period for this lawsuit is three years prior to the filing of this Complaint, August 2, 2018 through August 2, 2021.

9. Plaintiff was employed by Tony Chachere's approximately during the period April 2018 through June 2021.

10. At all relevant times, Plaintiff was an "employee" of Tony Chachere's and covered under the FLSA, 29 U.S.C. §§ 201 *et seq*.

11. At all relevant times, Tony Chachere's was the "employer" of Plaintiff.

12. At all relevant times, Tony Chachere's had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

13. At all relevant times, Tony Chachere's was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

14. At all relevant times, Tony Chachere's had a policy and practice of misclassifying Plaintiff as exempt under the FLSA.

15. At all relevant times, Tony Chachere's had a policy and practice of refusing to pay compensation to Plaintiff for hours worked in excess of forty hours per workweek.

16. As a result of Tony Chachere's willful failure to compensate Plaintiff, for all hours worked, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Tony Chachere's violated the FLSA, including 29 U.S.C. §§207(a)(1) and 215(a).

17. As a result of Tony Chachere's misclassification of Plaintiff and its attendant failure to record, report, credit and/or compensate Plaintiff, Tony Chachere's has failed to make, keep, and preserve records with respect to Plaintiff in violation of the FLSA, including 29 U.S.C. §§211(c) and 215(a).

18. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

19. Due to Tony Chachere's FLSA violations, Plaintiff is entitled to recover from Tony Chachere's her unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b) of the FLSA.

## FACTS

20. Defendant owns and operates Tony Chachere's Creole Foods of Opelousas, Inc. ("Tony Chachere's" or "Defendant").

21. Tony Chachere's manufactures and distributes seasonings, rice, dressings, and other similar products.

22. Tony Chachere's products are sold at Walmart stores and other grocery stores throughout the United States.

23. Tony Chachere's had annual gross volume of sales made or business done of not less than $500,000.00 during all relevant time periods.

24. Plaintiff was employed by Tony Chachere's for the approximate period April 2018 through June 2021. During her entire employment period, Plaintiff was

a non-exempt employee under the FLSA who was not paid for her overtime hours at a rate of one and one-half her hourly rate.

25. During the entire period of her employment by Tony Chachere's, Plaintiff was misclassified as exempt under the FLSA.

26. Plaintiff's primary job duty was to visit Walmart and grocery stores in her territory to ensure that Tony Chachere's products were properly stocked, priced, merchandised, and displayed.

27. During the period of her employment, Plaintiff's territory included parts of Georgia, Florida, South Carolina, and Alabama.

28. Despite Plaintiff's employment title of "District Sales Manager," her primary duties were not sales.

29. Also, despite Plaintiff's employment title of "District Sales Manager," she did not have any managerial responsibilities. Plaintiff also did not have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of employees.

30. Plaintiff performed no direct sales at the grocery stores in her territory. Plaintiff took some orders at Walmart, but those orders amounted to a small percentage of the total sales of Tony Chachere's product at the Walmart stores.

31. The great majority of Plaintiff's time at Walmart was spent

merchandising and auditing rather than taking orders; and all of Plaintiff's time at the grocery stores was spent merchandising and auditing.

32. Taking sales orders was not Plaintiff's primary duty.

33. Plaintiff was also required to perform additional job activities, including certain administrative tasks such as responding to company emails, submitting expenses, submitting audit forms, and participating in bi-weekly, Friday conference calls.

34. Plaintiff's responsibilities did not require technical or specialized skills or capital investment.

35. Plaintiff did not exercise independent judgment in carrying out her duties.

36. Tony Chachere's violated the FLSA by requiring Plaintiff to work hours in excess of 40 hours a week without compensation for overtime for those hours beyond the 40-hour week.

37. Through Plaintiff's tenure as a District Sales Manager, including during the time period relevant to this Complaint, Tony Chachere's failed to maintain accurate and sufficient time records for Plaintiff.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## OVERTIME

38. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

39. At all times during Plaintiff's employment, Tony Chachere's was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all times during Plaintiff's employment, Tony Chachere's employed Plaintiff within the meaning of the FLSA.

41. At all times during Plaintiff's employment, Tony Chachere's was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

42. At all times during Plaintiff's employment, Tony Chachere's misclassified Plaintiff as exempt under the FLSA.

43. At all times during Plaintiff's employment, Tony Chachere's failed to compensate Plaintiff for all overtime hours worked.

44. Tony Chachere's willfully violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a) by failing to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per

workweek.

45. The foregoing conduct, as alleged, constitutes a willful violation by Tony Chachere's of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to Tony Chachere's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of unpaid compensation for wages including overtime to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this August 2, 2021,

**HALL & LAMPROS, LLP**

*/s/ Brittany A. Barto*
Christopher B. Hall
Ga Bar No. 318380
Brittany A. Barto
Ga Bar No. 501673

HALL & LAMPROS, LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for the Plaintiff*